## HART v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12366.  Decided June 13, 1932

Jos. C. Breitenstein, and J. E. Elder, Cleveland, for plaintiff in error.

P. L. A. Lieghley, Cleveland, for defendant in error.

## VICKERY, J.

In the instant case Hart did not take the witness stand nor is there any evidence of any kind in the record to show that Hart had a revolver or that either one of the revolvers found upon the grass belonged to him. For all this record shows the revolvers may have belonged to the other two men, and while it is true that one might be convicted for aiding and abetting, yet, in order to do so, there must be some evidence of knowledge on his part that the other men carried the revolvers. The only thing in this record is the fact that Hart was convicted of similar offenses in the other two cases, and the trial for this particular offense coming after the other two convictions, the juries had apparently gotten so in the habit of convicting Hart for carrying concealed weapons that it did not take much evidence to convict, for there is no evidence in this record to convict Hart for carrying concealed weapons.

Had only one other man been in the car besides Amato and Hart and had two revolvers been found, there might be some foundation for believing that one of these revolvers belonged to Hart. However, there being but two revolvers and two other men besides Hart and Amato and there being no evidence to show that Hart had anything to do with the revolvers, is it more probable that Hart owned these two revolvers rather than the other defendants? As already stated, the only evidence introduced in this record is the evidence that these men were out at night and that they had handkerchiefs tied around their necks, the presumption being that they were on some nefarious scheme and for the purpose of hiding their identities they could pull up the handkerchiefs. But that is only a surmise and does not constitute evidence.

In this particular case the defendant Hart did not admit that he carried a revolver and claim the right to carry it as he did in the other two cases, but he entered a plea of not guilty and relied upon that plea throughout, and so that threw the entire

burden upon the State to prove him guilty beyond a reasonable doubt, and the majority of this court can find no evidence to warrant the conviction and we are forced to come to the conclusion that this cause must be reversed, and inasmuch as there is no evidence of Hart carrying a revolver, the plaintiff in error will be discharged.

LEVINE, PJ, concurs.
WEYGANDT, J, dissents.